## GERKEN v. RUPPERT.

(City Court of New York, General Term.    December 13, 1900.)

REPLEVIN—MALICIOUS PROSECUTION.

Though judgment was rendered for defendant in a replevin suit for the return of the property claimed and certain damages for its detention, which judgment was satisfied, such defendant may maintain an action for damages sustained by reason of the malicious prosecution of such suit without probable cause.

Action by Louis C. Gerken against Jacob Ruppert. Heard on motion by plaintiff for a new trial on exceptions ordered to be heard in the first instance at general term after a trial where a verdict was directed in favor of the defendant. New trial ordered.

Argued before McCARTHY, SCHUCHMAN, and O'DWYER, JJ.

Ralph H. Raphael, for plaintiff.

Ashbel P. Fitch, for defendant

SCHUCHMAN, J. The complaint of the plaintiff alleges that on or about April 5, 1895, the plaintiff was the owner of a certain saloon or retail liquor business conducted in the city of New York; that for some time previous to April 5, 1895, the above-named defendant was the owner of a certain chattel mortgage covering fixtures and various articles of merchandise in said store, owned by the plaintiff, and that on said day—April 5, 1895—said mortgage was duly paid, and the defendant agreed in writing to give a satisfaction piece thereof; that, notwithstanding said agreement to satisfy and discharge said mortgage as aforesaid, the defendant, well knowing he had no just or probable cause of action against the plaintiff, wrongfully and maliciously commenced a replevin suit against this plaintiff, claiming the goods which said chattel mortgage had covered, and under and by virtue of said mortgage, and on or about April 20, 1895, the defendant entered the store of plaintiff, and wrongfully, unlawfully, and maliciously took and carried away said goods; that plaintiff had appeared in said suit, and defended the same, and the issue raised therein was duly tried before a jury in the New York supreme court for New York county, and a verdict was duly rendered therein in favor of the defendant for the value of said goods; that this plaintiff has suffered damages by the wrongful and malicious institution of said replevin suit, and the wrongful, unlawful, and malicious taking of said goods, in the sum of $1,637.50, for which sum the plaintiff asks judgment. The proof shows that said replevin suit was tried on June 18, 1897, before Mr. Justice McAdam and a jury, and during the course of the trial defendant withdrew the claim for damages in the sum of $165. A verdict was rendered on June 18, 1897, for the defendant, for the return of the property claimed, and assessing the value thereof at $350, with 6 cents damages. The defendant thereupon entered judgment for the said sum of $350, the further sum of 6 cents damages, and $165.47 costs. Thereafter the defendant herein paid said

judgment, which was duly satisfied of record. Thereafter this action was brought for the alleged wrongful and malicious institution of the said replevin action, and also for the alleged unlawful and malicious taking of the said chattels.

The plaintiff here having, in his answer in the replevin action, demanded a return of the chattels replevied, or the value thereof, and for damages for the detention thereof, and the verdict and judgment entered having awarded him the return of the chattels replevied, or the value, together with six cents, his damages, another action for the recovery of damages by reason of the taking and detention of the chattels may not be maintained; and in this action the plaintiff will be precluded from again litigating a question decided in the replevin action. The cause of action, however, that is set forth in the complaint is for a malicious prosecution (although damages are also claimed for the taking of the chattels), and the plaintiff is entitled to maintain the action, and recover the damages he may have sustained by reason of the malicious prosecution, without probable cause, of an unfounded proceeding; and, if the jury were satisfied that the plaintiff had proven a malicious prosecution on the part of the defendant, then at least one item of damage was shown, viz. the fee of $150 paid the attorney for defending the action. Upon the pleadings and evidence it was the duty of the trial justice to submit the case to the jury, and, having refused to do so, it follows that the plaintiff's exceptions must be sustained, and a new trial ordered, with costs to the plaintiff to abide the event. All concur.